BRUMBAUGH ET AL. v. ZOLLINGER.

1. **Estoppel:** JUDICIAL SALE OF HOMESTEAD.    Where on special execution the sheriff (defendant) sold a quarter-section of land belonging to plaintiffs, forty acres of which was their homestead, and, after satisfying the special execution, he in good faith, without notice, claim, objection, or direction by plaintiffs to the contrary, applied the surplus on other executions in his hands, *held* that by thus standing by and allowing the sheriff to so appropriate and pay over the surplus, plaintiffs must be regarded as having abandoned all claim to their homestead rights, if any they had, in the surplus, and cannot now recover such surplus from the sheriff.

2. **Judicial Sale:** PLATTING OF HOMESTEAD.    When a whole quarter-section was lawfully sold in a body, after having been offered in forty acre parcels, held that the execution defendants were not prejudiced by the failure of the sheriff to make out and plat the homestead.

*Appeal from Jasper District Court.*

FRIDAY, SEPTEMBER 22.

ACTION upon a sheriff's official bond to recover an amount of money collected upon an execution against plaintiffs which was in excess of the amount due thereon.    The cause was

tried to the court without a jury, and upon the facts specially found a judgment was rendered against defendant who appeals to this court.

*H. S. Winslow*, for appellant.

*H. W. Parker*, for appellee.

BECK, J.—I. The petition alleges that defendant being the sheriff of the county, upon a special execution issued on a decree of foreclosure against plaintiffs, sold a quarter-section of land owned by plaintiffs, forty acres of which were occupied by them as a homestead; that after satisfying the execution there remained in defendant's hands the sum of $619.95 which he has failed and refused to pay plaintiffs.

The answer shows that the money remaining in the hands of the defendant, after satisfying the special execution, was applied on other executions in his hands against the plaintiff, Moses, in good faith, without notice, claim, objection or direction by plaintiffs to the contrary.

The third count of the answer shows that plaintiffs, by reason of their failure to object to the appropriation of the surplus as made by defendant, and by their failure to make a claim and to give notice thereof and to direct the defendant as to the appropriation of the surplus realized by sale of the lands, which was more than two years before the commencement of this action, have abandoned their claim thereto. Other allegations of the pleadings need not be set out.

A motion to strike the third count of the answer on the ground that it is "irrelevant and does not allege any sufficient defense to the action," was sustained.

The District Court in the findings of facts set out the special execution and the sheriff's return thereon, and the decree, wherein it appears that no direction was given in the decree touching the disposition of the surplus, nor were plaintiffs' homestead rights protected in any manner, or to any extent, by any direction in the decree or execution. The return

shows that the sheriff offered for sale, successively, each "forty" of the quarter-section, and that no bid being made upon any one of them, thereupon, he offered the whole "quarter" together, and it was sold for a sum sufficient to satisfy the execution with a surplus as above stated, which was applied upon other executions, and due return thereof was made.

The District Court found that plaintiffs resided upon the land at the time of the sale and it constituted their homestead; that no selection or plat of the homestead was made by the sheriff or plaintiffs, and that no demand was made upon the sheriff for the surplus. It is not shown that plaintiffs made any objection to the appropriation of the surplus, or gave any notice or direction in regard thereto. The defendant testifies that the plaintiffs made no request, nor any explanations, in regard to the surplus. This testimony is not contradicted.

II.   We reach the conclusion upon these facts that plaintiffs by standing by and permitting the sheriff without claim, notice or demand on their part, to appropriate and pay over the surplus, must be regarded as having abandoned all claim to their homestead rights in the surplus, whatever they may be.   Plaintiffs should have spoken before an appropriation had been made of the surplus.   Being silent when they should have spoken, they cannot now be heard.   The sheriff was authorized to conclude that as plaintiffs made no claim to, and gave no direction in regard to, the surplus, they had no right to it.

If a party so act that he induces the belief that he has abandoned his homestead, he cannot recover it from one who in good faith has purchased it in the belief so created. . This rule applicable to a homestead ought to control the disposition of its proceeds.

III.   The plaintiffs were not prejudiced by the failure of the sheriff to make out and plat the homestead.   He lawfully sold the whole tract together, after having offered it in forty

Brumbaugh v. Zollinger.

acres parcels.    There could be no benefit to plaintiffs from the platting, as all the land was at last lawfully sold in a body.

IV.    There can be no doubt of the correctness of our conclusion when other facts of the case are considered.

The plaintiffs claim to recover the surplus.  The defendant shows in his answer that he had appropriated it upon other executions.    This he could lawfully do unless plaintiffs are entitled to hold it under their homestead rights.   The burden rested upon them to show their right to the surplus.   This required them to establish that they had a homestead on the land, and that the judgments whereon the executions issued which were held by defendant, and to which he applied the surplus, did not authorize him so to do.   They should have shown that these judgments were not liens upon the land; but no proof of this fact was offered.   This court cannot presume that the sheriff violated the law by making the appropriation, but will presume, until the contrary be shown, that he acted rightly.   The plaintiffs in this view failed to make proof of facts entitling them to the surplus.

The rulings of the court in striking out the third count of the answer, and in rendering judgment for plaintiff upon the facts of the case, are erroneous.

As the foregoing views and conclusions are decisive of the case and lead to a result which defeats the action, other questions argued by counsel need not be considered.   The cause will be remanded to the court below for a judgment for defendant upon the facts found.

REVERSED.